## QUIGLEY v CLEVELAND ELECTRIC ILLUMINATING CO

Ohio Appeals, 8th Dist, Cuyahoga Co

Decided June 17, 1929

Messrs. Howell, Roberts & Duncan, Cleveland, for Quigley.

Messrs. Squire, Sanders, & Dempsey, Cleveland, for Illuminating Co.

HUGHES and JUSTICE, JJ. (3rd Dist) and WILLIAMS, J., (6th Dist) sitting.

JUSTICE, J.

It is the claim of the plaintiff that the foregoing facts tend to prove the claimed fraud with its resultant damages and that in directing a verdict for defendant the trial court invaded the province of the jury and thereby committed such error as calls for a reversal of the judgment. With this contention we are not in accord.

Admittedly plaintiff had, prior to the meeting of November 17, told John Zimmer that he had shown the property to a representative of the defendant company. Mr. Zimmer was treasurer of the United Banking & Trust Co. and represented the owners of the property in looking after and caring for it. Manifestly his knowledge of plaintiff's activities regarding the property is chargeable to the owners of the property.

The fact that the representatives of the owners at the meeting of Nov. 17th had no knowledge of the part taken by plaintiff in the deal, is, of course of no consequence.

In **Neal vs. Cinn. Union Stock Yards Co. 1st C. C. (NS) 13,** the court held:
"While the corporation only is chargeable with that knowledge which comes to each of its servants within the scope of the duties of each of its servants respectively, the corporation as the common head, brain center so to speak, must be held to have the composite knowledge which comes to it through the channels of its several servants. It is not necessary that any one servant should know all the facts. If it were, all a corporation would have to do would be to limit the scope of the duties of each servant and the corporation could never be held to know all about anything."

In the instant case the owners in law knew, prior to the meeting of Nov. 17th, that plaintiff had exhibited the property to defendant company. It therefore is of no moment whether defendant through its president made or did not make the claimed representations at the meeting of Nov. 17th, as clearly the owners could

not have been deceived by representations which they themselves knew to be false when made. Obviously plaintiff is not entitled to any relief whatsoever in the premises.

It occurs to us that further comment is unnecessary. True, there are other questions presented by counsel in their arguments and written briefs,—for example, whether or not plaintiff's claim comes within the inhibition of Sec. 8621 **G. C.** and whether or not the admitted settlement is a defense to said claim; but as to them, we express no opinion. It is not necessary for us to do so in disposing of this case.

Holding these views it follows that the judgment of the common pleas court should be affirmed.

Hughes and Williams, JJ, concur.